

U.S. Department of Justice

*United        States        Attorney*
*District of New Jersey*

*Ingrid Eicher*  970 Broad Street, Suite 700    Phone: 973-645-2700
*Assistant United States Attorney*   Newark, New Jersey 07102

April 7, 2025

Stephen Dratch, Esq.
The Dratch Law Firm, P.C.
354 Eisenhower Parkway, Plaza II
Suite 2575
Livingston, New Jersey 07039

      Re:   <u>Plea Agreement with Ibrahim Jalloh</u>

Dear Mr. Dratch:

      This letter sets forth the plea agreement between your client, Ibrahim Jalloh ("JALLOH"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **April 11, 2025** if it is not accepted in writing by that date. If JALLOH does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from JALLOH to an Information charging JALLOH with one count of conspiracy to commit bank fraud, contrary to 18 U.S.C. § 1344, in violation of 18 U.S.C. § 1349. If JALLOH enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all the terms of the Agreement, this Office will not initiate any further criminal charges against JALLOH for the conspiracy dating from in or about August 2019 to in or about February 2020, as described in the Information. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, JALLOH agrees that any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by JALLOH may be commenced against him,

notwithstanding the expiration of the limitations period after JALLOH signs the agreement.

### Sentencing

The violation of 18 U.S.C. § 1349 to which JALLOH agrees to plead guilty carries a statutory maximum penalty of 30 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $1 million; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon JALLOH is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence JALLOH ultimately will receive.

Further, in addition to imposing any other penalty on JALLOH, the sentencing judge as part of the sentence:

(1) will order JALLOH to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order JALLOH to pay restitution pursuant to 18 U.S.C. § 3663 et seq.;

(3) may order JALLOH, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) pursuant to 18 U.S.C. § 3583 may require JALLOH to serve a term of supervised release of not more than five years, which will begin at the expiration of any term of imprisonment imposed. Should JALLOH be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, JALLOH may be sentenced to not more than 3 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously

served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, JALLOH agrees to pay full restitution to the victims of the offense charged in the Information in an amount that fully compensates the victims for the losses sustained as a result of those offenses as detailed in paragraph 13 of the Attached Schedule A.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on JALLOH by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of JALLOH's activities and relevant conduct with respect to this case.

### Stipulations

This Office and JALLOH will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not

stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and JALLOH waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

JALLOH understands that, if JALLOH is not a citizen of the United States, JALLOH's guilty plea to the charged offense will likely result in JALLOH being subject to immigration proceedings and removed from the United States by making JALLOH deportable, excludable, or inadmissible, or ending JALLOH's naturalization. JALLOH understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. JALLOH wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause JALLOH's removal from the United States. JALLOH understands that JALLOH is bound by this guilty plea regardless of any immigration consequences. Accordingly, JALLOH waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. JALLOH also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against JALLOH. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude JALLOH from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between JALLOH and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By: Ingrid Eicher
Assistant U.S. Attorney

APPROVED:

Anthony P. Torntore,
Chief, Cybercrime Unit

I have received this letter from my attorney, Stephen Dratch, Esq. I have read it, and I understand it fully. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 04/14/25
Ibrahim Jalloh

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 4/14/25
Stephen Dratch, Esq.
Counsel for Ibrahim Jalloh

- 6 -

<u>Plea Agreement With Ibrahim Jalloh</u>

<u>Schedule A</u>

1. This Office and JALLOH recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024 applies in this case.

**Count One**
**(Bank Fraud Conspiracy)**

3. The applicable guideline is U.S.S.G. § 2B1.1(a)(1), which specifies a Base Offense Level of 7.

4. Because the aggregate loss reasonably foreseeable to JALLOH resulting from the offense was more than $550,000, but not more than $1,550,000, pursuant to U.S.S.G. § 2B1.1(b)(1)(H), this results in an increase of 14 levels.

5. Pursuant to U.S.S.G. § 3B1.2(b), because JALLOH was a minor participant in the criminal activity, this results in a 2-level decrease to the base offense level.

6. The offense level for Count One is 19.

7. As of the date of this letter, JALLOH has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if his acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, JALLOH has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in JALLOH's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) JALLOH enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that JALLOH's acceptance of responsibility has continued through the date of sentencing and JALLOH therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) JALLOH's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. Accordingly, the parties further agree that the total Guidelines offense level applicable to JALLOH is 16 (the "Total Offense Level").

10. Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

11. If the term of imprisonment does not exceed 33 months, and except as specified in the next paragraph below, JALLOH will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 27 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

   a. Any proceeding to revoke the term of supervised release.

   b. A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

   c. An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

13. This Office and JALLOH agree to stipulate that the victims sustained losses in the amounts listed below as a result of the offense charged in the Information as follows:

| Victim | Amount |
|---|---|
| XTO Energy | $393,001.03 |

| | |
|---|---|
| Albertsons Safeway | $80,893.90 |
| Pacific 2.1 Entertainment Corp. Wu-Tang American Saga S2 | $99,750.00 |
| Clear Creek Independent School District | $82,298.11 |
| Von Rohr Equipment Corp. | $12,712.00 |
| Independence Pizza LLC | $12,712.00 |
| Offit Kurman, Attorney at Law | $15,000.00 |
| Sony Pictures Studios Inc. | $3,046.11 |
| Folsom Corporation NJ | $9,913.80 |
| TOTAL | $709,326.95 |